IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTINE KAISER,

    Plaintiff,

v.                                                        No. 2:25-cv-00557-KG-JHR

VAMSI KRISHNA KUNAM and
TENET HOSPITALS, LTD
d/b/a THE HOSPITALS OF PROVIDENCE
TRANSMOUNTAIN CAMPUS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' motions to dismiss Plaintiff's amended complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, to transfer venue to the United States District Court, Western District of Texas under 28 U.S.C. §1631. Docs. 7, 12, 19, 21. Defendant Tenet Hospitals, doing business as the Hospital of Providence, Transmountain Campus ("THOP"), filed three motions to dismiss raising identical jurisdictional arguments. *See* Docs. 7, 19, 21. The Court considers only THOP's most recent motion, Doc. 21. Plaintiff Christine Kaiser filed three responses. *See* Docs. 10, 17, 23.[1] For the reasons set forth below, the Court concludes that it has specific personal jurisdiction over Defendants and declines to transfer this action to the Western District of Texas. Accordingly, Defendants' motions are denied.

---

[1] Defendant Vamsi Krishna Kunam moved to strike Ms. Kaiser's third response, Doc. 23. The motion is denied, as Ms. Kaiser is entitled to respond to Defendants' motions. *See* D.N.M.-LR-Civ. 7.

1

## I.   Background

On February 12, 2025, Ms. Kaiser went to Gila Regional Medical Center in Silver City, New Mexico, seeking treatment for "abdominal pain with associated fever, chills, and nausea." Doc. 8-1 at 3.  The following day, she was transferred from Gila Regional Medical Center to THOP in El Paso, Texas, "for possible cholangitis/pancreatis with DBD dilatation."  *Id.*  Ms. Kaiser was transferred because southern New Mexico is "part of [THOP's] service area."  Doc. 17 at 3.  The transfer "was not at the direction of" Ms. Kaiser but "accomplished hospital to hospital via air ambulance."  Doc. 23 at 1.

At THOP, Ms. Kaiser "had an IR procedure for placement of a biliary drain performed by Dr. Kunam."  Doc. 8-1 at 3.  Her "blood pressure was extremely elevated ranging from 180–210s."  *Id.*  After the procedure, Ms. Kaiser "developed right facial droop, slurred speech, and a flaccid right upper extremity."  *Id.*  Imaging revealed "an acute parenchymal hemorrhage centered in the left parietal lobe with surrounding vasogenic edema."  *Id.*

Ms. Kaiser alleges that THOP and Dr. Kunam negligently provided her medical care when they failed to recognize, diagnose, and treat an impending stroke. *Id.* at 4–6.  She also alleges that THOP is liable under the doctrine of respondeat superior for "any wrongful act or omission" of its employees.  *Id.*  Defendants move to dismiss under Rule 12(b)(2), asserting that this Court lacks personal jurisdiction over them.  *See generally* Docs. 12, 21.

## II.   Standard of Review

"[T]he plaintiff has the burden of proving jurisdiction exists," but "in the preliminary stages of litigation," the burden is "light."  *AST Sports Science, Inc. v. CLF Dist.*, 514 F.3d 1054, 1056 (10th Cir. 2008).  Where, as here, "there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the

plaintiff need only make a prima facie showing that jurisdiction exists." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). At the pleadings stage, "all factual disputes must be resolved in the plaintiff's favor." *Id.*

To establish personal jurisdiction, a plaintiff must show that defendant has sufficient "minimum contacts" with New Mexico such that subjecting the defendant to the court's jurisdiction would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). Because New Mexico's long-arm statute extends jurisdiction to the full extent permitted by the Due Process Clause, the constitutional inquiry governs. *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) ("Where...the state long arm statute supports personal jurisdiction to the full extent constitutionally permitted, due process principles govern the inquiry.").

The "minimum contacts" test may be met in two ways. First, when a defendant has "continuous and systematic general business contacts" with the forum state, courts in that state may exercise general personal jurisdiction over them. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–15 (1984). Alternatively, where general jurisdiction does not apply, the "less stringent standard" of specific personal jurisdiction may apply if the defendant's contacts with the "jurisdiction [are] sufficiently related to the cause of action." *Old Republic Ins. v. Cont'l Motors*, 877 F.3d 895, 904 (10th Cir. 2017).

### III.    Analysis

The Court (A) lacks general personal jurisdiction over Defendants, (B) has specific personal jurisdiction, and (C) declines to transfer the case to the Western District of Texas.

### A. *General personal jurisdiction does not apply.*

Ms. Kaiser does not allege facts establishing general jurisdiction over Defendants. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires v. Brown*, 564 U.S. 915, 919 (2011). For a corporation, "it is an equivalent place," such as its "place of incorporation" or "principal place of business." *Id.* Courts extend this analysis to limited partnerships. *See, e.g.*, *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1139 (S.D. Cal. 2018) (collecting cases).

Here, Defendants are not "at home" in New Mexico. *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). THOP has submitted two uncontested affidavits showing that THOP is a limited partnership formed under Texas law, with its principal place of business in Texas. Doc. 21 at 14–16 (Ex. 1), 23–24 (Ex. 2). THOP's general partner, Healthcare Network Texas, is a Delaware corporation, registered in Texas. Doc. 21 at 14. Dr. Kunam resides and practices in Texas. Doc. 12 at 6–7, 9. Accordingly, because the corporate Defendants are neither incorporated nor have their principal place of business in New Mexico, and the individual Defendant is not domiciled there, the Court lacks general personal jurisdiction over them.

Ms. Kaiser attempts to establish general jurisdiction through screenshots showing that Tenet Hospitals, THOP's parent company, operates at least two hospitals in New Mexico. *See* Doc. 23 at 5–9 (Ex. A). However, the presence of a limited number of locations in a forum does not render a business "at home" there. *See Daimler*, 571 U.S. at 118 (holding that an "in-state subsidiary or affiliate," does not, by itself, render the corporation "at home" in the forum). Therefore, the Court does not have general personal jurisdiction over Defendants.

### B. *Specific personal jurisdiction applies.*

Nonetheless, Ms. Kaiser makes a prima facie showing that this Court has specific personal jurisdiction over Defendants. Specific jurisdiction "calls for a two-step inquiry: (a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Old Republic*, 877 F.3d at 904

#### 1. Minimum Contacts

For purposes of specific jurisdiction, "the Supreme Court has instructed that the 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' [the] defendant's forum-related activities." *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1071 (10th Cir. 2008). Ms. Kaiser sufficiently alleges that Defendants directed their activities toward New Mexico residents. THOP, though located in El Paso, is within driving distance of Las Cruces and "serves the entire area," including southern New Mexico. Doc. 17 at 2–3. It is "the [hospital of] choice for transfer of cases requiring higher medical care" in the region, *id.,* and Ms. Kaiser's transfer was arranged "hospital to hospital" from New Mexico. Doc. 23 at 1. These allegations support the reasonable inference that THOP affirmatively holds itself out as a regional provider that routinely accepts transfer patients from New Mexico facilities. It is also reasonable to infer that THOP and Dr. Kunam generate revenue and income from treating New Mexico patients and therefore could reasonably anticipate being haled into New Mexico's courts for claims arising from that practice. *See Sanders v. Ball*, 1999 WL 397921, at *3 (E.D. La.) (finding specific jurisdiction over physician and laboratory where both derived income from regularly performing biopsies on Louisiana patients out of state).

Ms. Kaiser also plausibly alleges that her injuries "arise out of or relate to" Defendants' activities in New Mexico. *Helicopteros*, 466 U.S. at 414–15. Ms. Kaiser alleges she was transferred from a New Mexico facility to THOP because Las Cruces is "part of [THOP's] service area." Doc. 17 at 2–3. Ms. Kaiser did not request the transfer—the decision was made "hospital to hospital." Doc. 23 at 1. At the pleading stage, these allegations suffice.

*Kenerson v. Stevenson*, 604 F. Supp. 792, 795 (D. Me. 1985) is instructive. There, a Maine court found that a New Hampshire hospital had purposefully directed its activities toward Maine by regularly treating Maine residents and accepting Maine residents as transfer patients. *Id.* Because of the hospital's proximity to the Maine border and by the "nature of the functions and services" that it performed, the hospital "tacitly" held "itself out to provide...emergency and other medical services to residents of the surrounding region, irrespective of state lines." *Id.* Similar too is *Four Corners Health Care Corp. v. Roots Home Health Care*, 2021 WL 3856086, at *1 (D. Utah), in which a Utah court exercised specific jurisdiction over a New Mexico-based home health care company that held itself out as serving the broader regional market and regularly accepted Utah patients. In both *Kenerson* and *Four Corners*, a health-care provider did more than treat an isolated out-of-state patient—it positioned itself as a regional provider regularly admitting patients across state lines. The same is true here.

Defendants' argument to the contrary fail. They rely heavily on *Everhart v. Children's Hospital*, 2008 WL 11451893, at *12 (D.N.M.), but that case is inapposite. In *Everhart*, a New Mexico court found inadequate minimum contacts where a Colorado hospital treated a New Mexico patient following a family-requested transfer arranged by a third party—an "isolated event" unsupported by evidence that the hospital routinely accepted New Mexico patients or held itself out as serving a broader regional market. *Id.* at *1, *12. The allegations here are

6

materially different. Ms. Kaiser did not request the transfer to THOP; rather, the transfer occurred "hospital to hospital." Doc. 23 at 1. She alleges that THOP routinely accepts New Mexico patients in serving the greater Las Cruces region. Doc. 17 at 3. Accordingly, THOP's contacts more closely resemble those in *Kenerson*, rather than the isolated contact in *Everhart*. Taken as true at the pleading stage, these allegations establish the minimum contacts needed for specific personal jurisdiction.

### 2.    *Reasonableness*

Next, Defendants fail to demonstrate that specific personal jurisdiction would be unreasonable here. When a plaintiff satisfies the minimum-contacts requirement, the burden shifts to the defendant to demonstrate that exercising personal jurisdiction would "offend traditional notions of fair play and substantial justice." *Dudnikov*, 514 F.3d at 1070. In assessing whether jurisdiction is unreasonable, the Court considers: (1) "the burden on the defendant," (2) the forum state's interests, (3) the plaintiff's "interest in obtaining relief," (4) the "interstate judicial system's interest in obtaining the most efficient resolution of controversies," and (5) the "shared interest of the several states in furthering fundamental substantive social policies." *Asahi Metal Indus. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987).

Weighing the *Asahi* factors, the Court concludes that personal jurisdiction is reasonable. First, the burden of litigating in New Mexico for Defendants is modest given their proximity to New Mexico. Doc. 17 at 2–3. Next, New Mexico has a "substantial interest in ensuring that out-of-state entities that expressly make themselves available to render medical care within the state be held accountable here when they act in an allegedly tortious manner." *Everhart*, 2008 WL 11451893, at *11. Ms. Kaiser likewise has a substantial interest in litigating in her home forum given her injuries. *See* Doc. 17 at 2. The interstate judicial system's interest in efficiency does

not weigh against jurisdiction, and the shared interests of the states favor allowing New Mexico residents to seek redress for injuries arising from cross-border medical care. *Heidt v. Heidt*, 2009 WL 10700005, at *8 (D.N.M.). Taken together, these factors demonstrate that exercising personal jurisdiction over THOP would not offend traditional notions of fair play and substantial justice.

        C.      *The Court declines to transfer venue.*

Plaintiffs argue, in the alternative, that this Court should transfer venue to the United States District Court for the Western District of Texas. *See* Docs. 12, 21. "[W]here the court determines that it lacks jurisdiction and the interests of justice require transfer rather than dismissal, the correct course is to transfer the action pursuant to" federal statute. *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006) (quoting 28 U.S.C. § 1631). Section 1631 provides that when a court finds a "want of jurisdiction," it "shall, if it is in the interest of justice, transfer such action" to a court in which it could have been brought at the time it was filed. The Court has determined that it possesses specific personal jurisdiction over Defendants. Jurisdiction is proper in this District, so there is no jurisdictional defect requiring cure. Accordingly, the Court declines to transfer this action to the Western District of Texas.

**IV.    Conclusion**

It is therefore ordered that:

(1) Defendants' requests to dismiss for lack of personal jurisdiction under Rule 12(b)(2), Docs. 12, 21, are denied.

(2) Defendants' requests to transfer this case to the Western District of Texas, Docs. 12, 21, are denied.

(3) Defendant Tenet Hospitals' other outstanding motions to dismiss under Rule 12(b)(2), Docs. 7 and 19, are denied as moot because they are duplicative of the arguments raised in its amended motion, Doc. 21.

(4) Defendant Kunam's motion to strike, Doc. 27, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.